## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

DONALD GRAVES, an individual, and
BEAUMONT HEALTH, a Michigan non-profit
corporation,

      Plaintiffs,

v

CITIZENS INSURANCE COMPANY OF THE
MIDWEST, a foreign corporation,

      Defendant.

GERALD K. PAULOVICH (P77535)
ANTHONY, PAULOVICH &
WORRALL PLLC
Attorney for Plaintiff Graves
835 Mason Street, Suite C220
Dearborn, MI  48124
(313) 406-9722 / Fax: (888) 578-9826
gp@anthonylitigation.com

OLIVER N. SCHMITT (P75157)
KNIGHT & FIRTH, P.C.
Attorney for Plaintiff Beaumont
1607 E. Big Beaver Road, Suite 210
Troy, MI 48083
(248) 928-8100/Fax: (248) 928-8101
oschmitt@advomas.com

## **COMPLAINT**

**NOW COMES** Plaintiff Donald Graves by and through his attorneys

Anthony, Paulovich & Worrall, PLLC, and Plaintiff Beaumont Health by and

through its attorneys Knight & Firth, P.C., and for their Complaint against the above-named Defendant Citizens Insurance Company of the Midwest, states as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Donald Graves, (hereinafter "*Plaintiff Graves*") is an individual who resides in the village of Carleton, County of Monroe, State of Michigan.

2.      Plaintiff Beaumont Health, (hereinafter "*Plaintiff Beaumont*") is a Michigan non-profit corporation, with its principal place of business located in the City of Southfield, County of Oakland, State of Michigan.

3.      Defendant Citizens Insurance Company of the Midwest, (hereinafter "*Defendant*") is an Indiana corporation, licensed to conduct business in Michigan, with its principal place of business located in the City of Worcester, County of Worcester, State of Massachusetts.

4.      At all times material, Plaintiff Graves was an employee of Dynamic Fire Protection Inc., and a participant of an employee medical benefit plan provided by the National Automatic Sprinkler Industry (NASI) Welfare Fund, administered pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC §§ 1001, *et seq* (hereinafter "*NASI Plan*").

5.      Plaintiffs bring this action pursuant to 29 USC § 1132(a)(3) of ERISA to obtain appropriate equitable and declaratory relief and to enforce certain material provisions of ERISA and the NASI Plan. Plaintiff Graves is a "participant" and "beneficiary" of the NASI Plan within the meaning of 29 USC § 1002.

6.      Plaintiffs further bring this cause of action seeking payment to or for the benefit of Plaintiff Graves of any and all outstanding personal protection insurance (PIP) benefits outstanding under MCL 500.3101, *et. seq.*

7.      This Court has jurisdiction over this action pursuant to 28 USC § 1331 and 29 USC § 1132(e)(1) as this Complaint concerns actions to enforce terms of the NASI plan and for equitable relief authorized by ERISA and the federal common law.

8.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 USC § 1367(a).

9.      Additionally, the incident, which is the subject of this Complaint, took place in the village of Carleton, County of Monroe, State of Michigan.

10.     This Court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars exclusive of interest and costs and is between citizens of different states as set forth in 28 USC § 1332.

11.     In this matter, all plaintiffs to this action are of different citizenship of Defendant, in that Plaintiff Graves is a citizen of the State of Michigan, Plaintiff Beaumont is a non-profit corporation created and organized under the laws of the State of Michigan and by virtue of said corporation was and is a resident of the State of Michigan, and Defendant is a corporation created under the laws of the State of Indiana, and by virtue of said corporation was and is a resident of the State of Indiana, thereby satisfying the diversity requirement of citizenship as set forth in 20 USC § 1332.

12.     The amount of controversy in this action is in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs, in that Plaintiff Beaumont is seeking in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars for payment of its outstanding bill for Plaintiff Graves, and Plaintiff Graves is seeking payment to or for his benefit for all outstanding PIP benefits and declaratory relief, and the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

13.     Based upon the fact that diversity of citizenship exists and the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars exclusive of interest and costs, jurisdiction is appropriate in the United States District Court pursuant to the provisions of 28 USC § 1332.

## COUNT I
## BREACH OF CONTRACT
## MICHIGAN NO-FAULT PERSONAL PROTECTION INSURANCE (PIP) BENEFITS

14.    Plaintiffs incorporate and adopt, by reference, paragraphs 1 through 13 above, as if the same were set forth paragraph by paragraph herein.

15.    Under the Michigan No-Fault Automobile Insurance Act (MCL 500.3101, *et seq*), a person who sustains accidental bodily injuries arising out of the ownership, operation, maintenance, or use of a motor vehicle is, if not otherwise disqualified under MCL 500.3113 of the Michigan No-Fault Act, entitled to recover no-fault personal protection insurance (PIP) benefits that includes the following:

   a.    "*Allowable expenses*," as defined in MCL 500.3107(1)(a) and specifically consisting of "*all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation*."

   b.    "*Work loss benefits,*" as defined in MCL 500.3107(1)(b) and specifically consisting of "*income from work an injured person would have performed during the first three years after the date of the accident if he or she had not been injured.*"

   c.    "*Replacement services*," as defined in MCL 500.3107(1)(c) and specifically consisting of "*expenses not exceeding $20 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured person would have performed during the first three years after the date of the accident, not for income but for the benefit of himself or herself or his or her dependent*."

16.     Sometime between May 22, 2021 at 11:30pm and May 23, 2021 at 1:00am, Plaintiff Graves sustained accidental bodily injuries arising out of a motor vehicle collision that occurred at or near the intersection of Maxwell Road and Rose Street in Ash Township, Michigan (hereinafter the "*subject collision*").

17.     Specifically, the subject collision occurred while Plaintiff Graves was operating an off-road recreational vehicle (ORV) traveling eastbound on Rose Street and turning right onto southbound Maxwell Road.  While or shortly after Plaintiff Graves completed the turn, a motor vehicle that was traveling northbound on Maxwell Road crossed the center traffic line into the southbound lane, striking the ORV Plaintiff Graves was operating and causing Plaintiff Graves to eject from the ORV.

18.     As a result of the subject collision, Plaintiff Graves sustained accidental bodily injuries, which include, but are not limited to, the following:

    a.  Comminuted fractures of medial, anterior, and lateral walls of the left maxillary sinus with left inferior orbital wall blowout fracture;

    b.  Displaced fracture of left zygomatic arch;

    c.  Multiple laceration on the face, including a 4 cm laceration just left of the left eye;

    d.  Left eye injury;

    e.  Abdominal injury and ecchymosis;

    f.  Left leg injury and ecchymosis;

    g.  Neck injury;

6

       h.  Right and left hand injuries and lacerations;

       i.  Concussion with loss of consciousness and memory.

19.     As a result of the accidental bodily injuries sustained by Plaintiff Graves arising out of the subject collision, Plaintiff Graves has required significant ongoing medical treatment which has included, but is not limited to, EMS services and ambulance transport, prolonged emergency treatment provided by Plaintiff Beaumont, multiple treatments and surgeries relating to the facial fractures, left eye injury, and plastic surgery.

20.     At the time of the subject collision, Plaintiff Graves was a named insured under a Michigan no-fault automobile insurance policy issued by Defendant, bearing policy number A6B D325454 04, which policy was in full force and effect at all times pertinent hereto.

21.     Defendant has assigned claim number to 19-00881875 001 to Plaintiffs' claims.

22.     The Michigan no-fault automobile insurance policy issued to Plaintiff Graves by Defendant provided medical benefits on a coordinated basis.

23.     The coordinated-benefits provision set forth in Plaintiff's no-fault policy issued by Defendant Citizens states that Defendant Citizens does not provide no-fault (PIP) benefits if similar benefits are paid, payable, or required to be paid under any valid and collectible individual blanket or group

accident or disability insurance, health maintenance organization, or similar insurance or health plan.

24.    At all relevant times, Plaintiff has been a participant in a self-insured employee health benefit plan established by NASI to provide health benefits to participants pursuant to ERISA, 29 USC § 1104(a)(l).

25.    The Summary Plan Description (SPD) for the NASI Plan contains a "General Exclusions" section, which expressly disavows coverage for medical or non-medical charges in connection with services or supplies to the extent covered by state no-fault insurance, such as that provided by Defendant.

26.    The SPD for the NASI Plan further contains a "Subrogation" section, and within this section is another exclusion that provides that the NASI Plan is not required to pay for any injury for which another party may be liable, but nonetheless allows the NASI Plan to advance benefits while the third party's liability is being determined.

27.    The NASI Plan further requires participants to reimburse the NASI Welfare Trust Fund for any benefits that have been advanced following any recovery from a third party.  The NASI Plan clarifies that this requirement to reimburse relates to "amounts received from... an automobile policy... of any kind..."  The NASI Plan further clarifies that it has the "right to first reimbursement

out of any recovery whether or not the amounts recovered are designated to cover medical expenses."

28.    Pursuant to the unambiguous language in the NASI Plan disavowing coverage for losses covered by state no-fault insurance and automobile insurance, Defendant is the no-fault insurer with primary legal responsibility to pay for any no-fault PIP benefits to or for the benefit of Plaintiff Graves for his accidental bodily injuries arising out of the subject collision. *Auto Owners Ins. Co. v. Thorn Apple Valley, Inc.*, 31 F.3d 371 (6th Cir. 1994).

29.    Additionally, an amount is not "provided" by the NASI Plan if it has to be repaid.  Thus, Defendant is obligated to reimburse Plaintiff Graves for the amounts he is obligated to repay to the NASI Welfare Trust Fund.  *Shields v Government Employees Hosp. Ass'n, Inc.*, 450 F.3d 643, 650-651 (6th Cir. 2006), overruled on other grounds by *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009).

30.    Defendant has denied that it is the insurer with primary legal responsibility to pay medical expenses incurred by Plaintiff Graves for treatment of the injuries he sustained in the subject collision.

31.    As a result of the aforesaid accidental bodily injuries sustained by Plaintiff arising out of the subject collision, Plaintiff Graves has incurred and Defendant Citizens has otherwise refused or failed to pay certain *allowable expenses*, as defined in and required by MCL 500.3107(1)(a) and the

9

aforementioned policy of insurance issued by Defendant in respect to a number of reasonable charges for reasonably necessary products, services, and accommodations for the care, recovery, and/or rehabilitation of Plaintiff Graves, including numerous medical charges and charges properly claimable by Plaintiff Beaumont and payable to Plaintiff Beaumont pursuant to MCL 500.3112.

32.    Plaintiff Graves continues to incur additional and ongoing expenses for products, services, and/or accommodations for his care, recovery, and/or rehabilitation, including, but not limited to, those described in the foregoing paragraphs, as well as other expenses and, therefore, these continuing and ongoing expenses, to the extent they are unpaid by Defendant, will be subject to and included within the scope of the Complaint, including claims relating to services by Plaintiff Beaumont.

33.    As a result of the aforesaid accidental bodily injuries sustained by Plaintiff Graves arising out of the subject collision, Plaintiff Graves has incurred and Defendant has refused or otherwise failed to pay certain *work loss benefits* as defined in and required by MCL 500.3107(1)(b) and the aforementioned policy of insurance issued by Defendant.

34.    As a result of the aforesaid accidental bodily injuries sustained by Plaintiff Graves arising out of the subject collision, Plaintiff Graves has incurred and Defendant has refused or otherwise failed to pay certain *replacement service*

10

*expenses* as defined in and required by MCL 500.3107(1)(c) and the aforementioned policy of insurance issued by Defendant.

35.    Defendant has received reasonable proof of the fact and the amount of the aforesaid claims, expenses, and losses, but in spite of said proof, Defendant has refused to pay these expenses, in direct violation of MCL 500.3142, the Michigan No-Fault Act, and the aforesaid policy of insurance issued by Defendant.

36.    The past, present, and ongoing refusal and failure of Defendant to pay the aforesaid no-fault PIP benefits is unlawful, unjustified, and in violation of the Michigan No-Fault Automobile Insurance Act, as well as the policy of automobile insurance issued by Defendant.

37.    The aforementioned no-fault benefits due and owing to Plaintiffs are overdue within the meaning of MCL 500.3142, the Michigan No-Fault Automobile Insurance Act, and the policy of insurance issued by Defendant, thereby entitling Plaintiffs to recover interest at a rate of 12% per annum from Defendant.

38.    The refusal of Defendant to pay the aforesaid no-fault PIP benefits to or for the benefit of Plaintiff Graves, constitutes an unreasonable refusal to pay a claim for no-fault benefits and/or an unreasonable delay in making payment of said benefits, pursuant to MCL 500.3148, the Michigan No-Fault Automobile

Insurance Act, and the subject policy of insurance issued by Defendant, thereby entitling Plaintiffs to recover reasonable attorney fees from Defendant.

39.    The duty of Defendant to pay no-fault benefits to or for the benefit of Plaintiff Graves is not only a statutory duty and a contractual duty, but is also a fiduciary duty and, therefore, imposes upon Defendant the obligation to deal fairly and in the utmost good faith with Plaintiffs.

**WHEREFORE**, Plaintiff Donald Graves and Plaintiff Beaumont Health respectfully requests this Court award in their favor the following elements of damage:

A.    All no-fault PIP benefits found due and owing under the provisions of the Michigan No-Fault Automobile Insurance Act (MCL 500.3101, et seq) and the no-fault insurance policy issued by Defendant to Plaintiffs as those benefits are more fully described in this Complaint.

B.    Statutory interest at the rate of 12% per annum on all overdue no-fault PIP benefits from the date Defendant Citizens obtained or should have obtained reasonable proof of the fact and the amount of the claims and expenses in question, pursuant to §3142 of the Michigan No-Fault Automobile Insurance Act.

C.    Reasonable attorney fees for  Defendant Citizens' unreasonable refusal and/or unreasonable delay in making payment of no-fault PIP  benefits, pursuant to §3148 of the Michigan No-Fault Automobile Insurance Act, applicable Court Rules, and/or the common law.

D.    A declaratory judgment declaring that Defendant is obligated, under the terms of its policy issued to Plaintiff Graves, and MCL 500.3101, *et seq.*, to reimburse Plaintiff Graves fully and completely for any amount of any recovery from any automobile insurance by Plaintiff Graves for accidental

bodily injuries suffered in the subject collision that is paid or payable to the NASI Plan for reimbursement of medical expenses.

E.      General and compensatory damages proximately caused by Defendant Citizens' wrongful conduct as described in this Complaint.

F.      Pre-Complaint interest from the date the no-fault PIP benefits were due and the date Plaintiffs sustained damages, until the filing of Plaintiffs' Complaint.

G.      Additional interest on civil judgments as allowed under the Michigan Revised Judicature Act (RJA).

H.      Any and all other relief as this Court determines to be fair, just, and appropriate under the facts and circumstances of this case.

I.      Taxable costs and other expenses as permitted by statute, Court Rule, and/or common law.

Respectfully submitted,

_/s/ Gerald K. Paulovich_
Gerald K. Paulovich, P77535
Anthony, Paulovich, & Worrall, PLLC
Attorneys for Plaintiff Graves
835 Mason St., Suite C220
Dearborn, MI 48124
(313) 406-9722/Fax: (888) 578-9826

_/s/ Oliver N. Schmitt_
Oliver N. Schmitt, P75157
Knight & Firth, P.C.
Attorney for Plaintiff Beaumont
1607 E. Big Beaver Rd, Suite 210
Troy, MI 48083
Dated: May 22, 2022                    (248) 928-8100/Fax: (248) 928-8101